
**FILED**
FEB 0 6 2013
Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ARVIN BON RED STAR,<br><br>Defendant/Movant. | Cause No. CR 10-60-GF-SEH<br>CV 12-60-GF-SEH<br><br>ORDER |

This Court issued its Order on January 17, 2013, denying Movant Red Star's motion to vacate, set aside, or correct sentence under to 28 U.S.C. § 2255. A certificate of appealability was also denied. The following day, the Ninth Circuit Court of Appeals issued its decision in *United States v. Zepeda*, __ F.3d __, No. 10-10131 (9th Cir. Jan. 18, 2013). On February 4, 2013, Red Star moved for reconsideration of the Order of January 17, 2013, based on *Zepeda*.

*Zepeda* was not available when the Court decided Red Star's § 2255 motion. It is therefore appropriate to reconsider disposition of the claims to which *Zepeda* is relevant. The motion to reconsider is granted.

1

*Zepeda* does not alter the outcome. At trial, Red Star entered into the following stipulation, which was read to the jury:

> The defendant, Arvin Bon Red Star, is an enrolled member of the Fort Peck Tribe. He is enrolled under Identification Number 206-U014376. And thus, he is an Indian person.

Trial Tr. at 115:11-14.

In his § 2255 motion, Red Star asserted that his trial counsel was ineffective because he "failed to object and move for acquit[t]al in that the government did not prove the elements of Indian Blood and Federal recognition, essential and material elements of the crime charged." Mot. § 2255 (doc. 76) at 5 ¶ 12A. He also asserted that the evidence was not sufficient to support a verdict of guilt beyond a reasonable doubt. *Id.* ¶ 12B.

In the Order of January 17, 2013, the Court found no real issue as to Red Star's Indian status, because Red Star stipulated he was an enrolled member of the Fort Peck Tribe and "[t]he Fort Peck Assiniboine and Sioux Tribes were federally recognized both at the time of the offense and at the time of trial." Order of Jan. 17, 2013 (doc. 87) at 4 (citing 74 Fed. Reg. 40218, 40219 (July 29, 2009)); *see also Zepeda*, slip op. at 26 ("the Bureau of Indian Affairs's list of federally recognized tribes is a proper subject of judicial notice").

In *Zepeda*, the court held that a tribal enrollment certificate alone was not sufficient, under the circumstances of that case, to support a jury's finding beyond a reasonable doubt that the defendant's bloodline derived from a federally recognized tribe. *Zepeda*, slip op. at 29.

Red Star did not merely stipulate to the admission of a tribal enrollment certificate, as Zepeda did. *Id.* at 5. Rather he stipulated that "he is an Indian person." Trial Tr. at 115:13-14. "[W]hen parties have entered into stipulations as to material facts, those facts will be deemed to have been conclusively established." *United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976), *quoted in* Comment, 9th Cir. Jury Instr. Manual (Crim.) 1.3, 2.4 (2010). The stipulation was sufficient to support a jury's finding beyond a reasonable doubt that Red Star was an Indian person.

Further, even if *Zepeda* were controlling here – and it is not – counsel's failure to anticipate in August 2010 a decision issued in 2013 does not render his assistance ineffective. The decision to stipulate to Red Star's status as an Indian person was reasonable in light of the enrollment certificate, federal recognition of the Fort Peck Tribes, and the legal precedent available at the time. *See, e.g., United States v. Maggi*, 598 F.3d 1073, 1080-81 (9th Cir. 2010) (holding that Maggi, a non-member of the Blackfeet Tribe, and Mann, member of a tribe not federally recognized, were not Indian persons); *United States v. Cruz*, 554 F.3d 840, 846-47 (9th Cir. 2009)

(non-member of a tribe not an Indian person); *United States v. Bruce*, 394 F.3d 1215, 1224 (9th Cir. 2005) (pointing out that while "it is not the only means nor is it necessarily determinative," "[t]ribal enrollment is the common evidentiary means of establishing Indian status" and holding that defendant was an Indian person despite lack of tribal enrollment) (internal quotation marks omitted); *Strickland v. Washington*, 466 U.S. 668, 687-88, 689 (1984).

As to prejudice, *Strickland*, 466 U.S. at 694, Red Star was personally present when the jury was instructed that he stipulated to being an Indian person:

> [W]hen a stipulation to a crucial fact is entered into the record in open court in the presence of the defendant, and is agreed to by defendant's acknowledged counsel, the trial court may reasonably assume that the defendant is aware of the content of the stipulation and agrees to it through his or her attorney. Unless a criminal defendant indicates objection at the time the stipulation is made, he or she is ordinarily bound by such stipulation.

*United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir. 1980). Red Star knew the importance of his status well in advance of trial. *See* Plea Agreement (doc. 31) at 5 ¶ 8;[1] Stipulation of July 30, 2010 (doc. 28). He was reminded of it at trial. Trial Tr. at 19:15-24 (prosecutor states in opening that "[w]e are here in federal court . . . because Red Star is an Indian person"). He also testified at trial, immediately

---

[1] Red Star signed and initialed each page of the Plea Agreement before ultimately deciding to proceed to trial. Minutes (docs. 35, 38).

following the reading of the stipulation. *Id.* at 116:2-139:20. Yet he never contested the statement that he was an Indian person. He alleges no facts in his motion to reconsider suggesting otherwise. There is no reasonable probability that, had counsel not stipulated to Red Star's Indian status, the jury would have failed to find him an Indian person.

Finally, the Court must again consider whether a certificate of appealability is warranted. *Lynch v. Blodgett*, 999 F.2d 401, 403 (9th Cir. 1993) (per curiam). Although Red Star appropriately sought reconsideration, he is not entitled to relief on the merits. With knowledge of the jurisdictional significance of the fact, he stipulated at (and before) trial that "he is an Indian person." The analysis and outcome are not altered by *Zepeda*.

Red Star makes no "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), either on his claim of ineffective assistance of counsel or on his claim that the prosecution did not prove a jurisdictional element beyond a reasonable doubt. A certificate of appealability is not warranted.

**ORDERED**:

1. Red Star's motion for reconsideration (doc. 88) is GRANTED.

2. Upon reconsideration, relief is DENIED.

3. A certificate of appealability is DENIED.

5

4. The Clerk of Court shall immediately process the appeal if Red Star files a Notice of Appeal.

DATED this 6th day of February, 2013.

/s/ Sam E. Haddon
Sam E. Haddon
United States District Judge